# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TCF NATIONAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| v. | ) | Case No. 10-CV-3096 |
| | ) | |
| W&A BUILDING, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case involves a dispute between a landlord (Defendant W&A Building LLC) and a tenant (Plaintiff TCF National Bank) regarding Defendant's alleged failure to comply with its obligations under certain provisions of the lease between the parties. On May 19, 2010, Defendant removed this case from the Circuit Court of Cook County [1]. On May 24, 2010, Defendant moved to dismiss the complaint [7]. On May 26, 2010, Plaintiff filed a motion to remand the case to the Circuit Court of Cook County [12]. Pending resolution of the motion to remand, the Court entered and continued Defendant's motion to dismiss [14]. Before the Court is Plaintiff's motion to remand and for fees and costs pursuant to 28 U.S.C. § 1447(c).

In its notice of removal, Defendant premised federal jurisdiction on 28 U.S.C. § 1332(a). Defendant alleged that the amount in controversy exceeded $75,000 and that there was complete diversity of citizenship between the Plaintiff bank (a citizen of South Dakota) and Defendant, an Illinois limited liability company with its principal place of business in Chicago, Illinois. In its motion to remand, Plaintiff identified two obvious flaws in the notice of removal. First, while Defendant alleges that it is organized in Illinois and has its principal place of business in Illinois, Defendant—a limited liability company—does not identify the citizenship of its members.

"[F]or diversity jurisdiction purposes, the citizenship of a limited liability company is the citizenship of each of its members." *Hukic v. Aurora Loan Services*, 588 F.3d 420, 427 (7th Cir. 2009).

Additionally, Plaintiff asserts, on information and belief, that one of Defendant's member managers is an Illinois citizen. If Defendant is in fact a citizen of Illinois (as it claimed in its notice of removal) federal jurisdiction would be improper under the "forum defendant rule." See 28 U.S.C. § 1441(b) (stating that any action not premised on federal question jurisdiction "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").[1]

The parties thus agree that remand is appropriate. See Pl. Resp. [15] at 2. However, Defendant has requested that the Court order the payment of just costs and actual expenses, including attorneys' fees, incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c). For the following reasons, the Court agrees that Plaintiff is entitled to the payment of just costs and actual expenses, including its attorneys' fees.

Section 1447(c) permits a district court to require payment of just costs as part of its remand order. See *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005); 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The Supreme Court has held that Section 1447(c) imposes neither a bias in favor of remand fee awards nor a strong presumption against such awards: "The statutory language and context strike us as more evenly

---

[1] In its response to Plaintiff's motion to remand, in which Plaintiff argued that Defendant's notice of removal was deficient because the Defendant had failed to identify the citizenship of its members, Defendant declined to identify the citizenship of its members. Instead, Defendant asserted only that "TCF had the right under the forum defendant rule to remand the case back to state court." Def. Resp. [15] at 2. Having admitted that the forum defendant rule applies, Defendant apparently has conceded that at least one of its members is an Illinois citizen.

balanced * * *; we see nothing to persuade us that fees under § 1447(c) should either usually be granted or usually be denied." *Martin*, 546 U.S. 132, 138-39 (2005). Instead, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. at 139. The decision to award costs and fees rests within the district court's discretion. See *id*. at 137-39.

As the Seventh Circuit has observed, "[i]n *Martin*, the Supreme Court did not have occasion to define 'objectively reasonable' because the parties agreed that the defendant's basis for removal was reasonable." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 792 (7th Cir. 2007). In addressing the question left unanswered in *Martin*, the Seventh Circuit found that its "qualified immunity jurisprudence provides appropriate guidance for determining whether a defendant had an objectively reasonable basis for removal." *Id*. at 793. The court of appeals then stated that, "[a]s a general rule, if at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." *Id*.

Defendant argues that "clearly established law did not foreclose W&A's basis for removal because there was a way for the removal to have succeeded." Def. Resp. at 3. Defendant argues that because the forum defendant rule enunciated in § 1441(b) is nonjurisdictional, the rule prevents removal only when a plaintiff timely requests a remand. If Plaintiff had not objected within 30 days, Defendant's removal would have stood. *Id*. (citing *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000) (forum defendant rule is nonjurisdictional and therefore waivable); see also *General Cas. Co. of Ill. v. Prof. Mfrs.*

*Representatives*, 2008 WL 4968847, *1 (N.D. Ill., Nov. 24, 2008) (courts cannot invoke the forum defendant rule *sua sponte*; it must be invoked by the plaintiff within 30 days of the filing of the notice of removal).

While the Seventh Circuit has not directly considered Defendant's argument, it has held that removal in the face of a forum defendant rule problem warrants fees under § 1447(c). *Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009). In *Wolf* (an opinion authored by Judge Flaum, who also authored the opinion in *Lott*), the Seventh Circuit held that a district court abused its discretion when it barred a party from seeking attorneys' fees under § 1447(c) after a defendant attempted to remove the case from the Circuit Court of Cook County to the Northern District of Illinois despite believing that one of the other defendants—who had not consented to the removal—was a citizen of Illinois. Kennelly (the removing defendant in the state court lawsuit) had attempted to avoid the forum defendant rule by attempting to convince the district court to realign RCG (another of the state court defendants whom all parties believed was an Illinois citizen) as a petitioner (rather than a respondent). *Id*. at 408. The district court denied realignment and remanded the case, but barred Wolf, the plaintiff, from seeking fees under § 1447(c). *Id*. at 410. Much of the court of appeals' opinion led up to the conclusion that both removal and realignment were contrary to clearly established Seventh Circuit law. *Id*. at 411 ("We agree that at the time of Kennelly's attempted removal the forum defendant rule barred any attempt to remove the case without realigning RCG as a petitioner, and that this circuit's case law foreclosed any attempt to realign RCG."). While the court did not expressly address the nonjurisdictional character of the forum defendant rule in its opinion, that RCG *could* have consented to the removal (but did not) did not render Kennelly's attempt at removal reasonable. See also *Piper Jaffray & Co. v. Severini*, 443 F. Supp. 2d 1016, 1023 (W.D. Wis. 2006) (in pre-

*Lott* case, court recognized waivable character of forum defendant rule, but nonetheless awarded attorneys' fees for removing case where one defendant was citizen of forum state). And the fact that just about every argument (apart from subject matter jurisdiction) is waivable does not make the law regarding the forum defendant rule any less clearly established.

However, there is an independent reason why fees are appropriate here. While the forum defendant rule found in § 1441(b) is not jurisdictional, when federal jurisdiction is premised on diversity of citizenship, the requirements of 28 U.S.C. § 1332 are. In its notice of removal and in its response to the motion to remand Defendant failed to identify the citizenship of W&A Building LLC's members such that the Court could determine whether diversity of citizenship did in fact exist at the time that the suit was filed. At the time that Defendant filed its notice of removal, it was "clearly established" that for diversity jurisdiction purposes, the citizenship of a limited liability company is the citizenship of each of its members. *Hukic*, 588 F.3d at 427. It also was clearly established that the burden of establishing federal jurisdiction falls on the party seeking removal. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). It is unreasonable to remove a case on the basis of diversity jurisdiction when the parties clearly are not diverse. Because Defendant has continued to refuse to identify the citizenship of its members, for all the Court knows, one of Defendant's members is a citizen of South Dakota.

Defendant characterized its failure to establish the citizenship of its members in the notice of removal as a "minor oversight." Def. Resp. at 2, n. 1. The Court disagrees. As Judge Shadur has written, the rules for establishing diversity when one of the parties is an LLC have been set forth in "a whole battery of cases" incorporating at least a decade's worth of "repeated teaching from our Court of Appeals," such that those rules now reflect "a firmly established principle." *Guardian Gaming, Ltd. v. Williams*, 2009 WL 4730949, at *1 (N.D. Ill. Dec. 9,

2009) (dismissing action and imposing fine on counsel equivalent to the cost of a second filing fee for failure to properly allege citizenship of members of LLC). If one of Defendant's members is a citizen of South Dakota, then diversity never would have been present and the removal would have been clearly contrary to established law. Perhaps the parties are diverse, perhaps not. But for purposes of this motion, it was Defendant's burden to affirmatively demonstrate why jurisdiction is present in federal court, and Defendant never satisfactorily carried that burden.

One final point. Defendant argues that Plaintiff is not entitled to fees because Defendant was not seeking to abuse the removal device; rather, Defendant removed because it sought only to "rapidly dispatch TCF's frivolous litigation, and limit the costs for both parties by resolving the matter quickly." Def. Resp. at 3. However, Defendant admits that Plaintiff was within his rights to seek a remand within 30 days of Defendant's removal. If Defendant's principal motivation was an expeditious resolution of this litigation, Defendant might have better accomplished that objective by ascertaining through a phone call or an e-mail exchange whether Plaintiff would waive the forum defendant rule before Defendant filed its notice of removal.

For all of the reasons stated above, Plaintiff's motion to remand [12] is granted. Defendant's motion to dismiss [7] is denied without prejudice as moot. The Clerk of the Court is directed to remand this case to the Circuit Court of Cook County. Plaintiff is awarded his costs and reasonable attorney fees related to the removal and remand of this case. If the parties cannot agree as to an appropriate amount, Plaintiff must timely file a motion for costs and attorney fees in accordance with Local Rule 54.3. See N.D. Ill. Loc. R. 54.3.

Dated: November 17, 2010

                                                                _____

                                                                Robert M. Dow, Jr.
                                                                United States District Judge